UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

<u>Andre R. Levesque</u>

    **v.**　　　　　　　　　　　　　　　Case No. 09-cv-426-PB
　　　　　　　　　　　　　　　　　　　Opinion No. 2010 DNH 084
<u>United States of America</u>

### ORDER

Before the court is Andre Levesque's Complaint (Doc. No. 1), naming the United States of America as the defendant and challenging this court's disposition of another case filed by Levesque, <u>Levesque v. New York</u>, No. 09-cv-246-SM (D.N.H. Nov. 3, 2009) (Order dismissing complaint (Doc. No. 5)). Because Levesque is incarcerated, proceeding pro se and in forma pauperis, the matter is before the court for screening to determine, among other things, whether Levesque has stated any claim upon which relief might be granted, and whether Levesque has asserted a claim for damages against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. §§ 1915(e)(2) & 1915A.

Also pending before the court are Levesque's motion for class action certification (Doc. No. 11) and motion to waive or suspend payment of the unpaid portion of the filing fee (Doc. No. 20). For reasons set forth below, the pending motions are denied, and the complaint is dismissed.

## STANDARD OF REVIEW

The court construes all of the factual assertions in pro se pleadings liberally, however inartfully pleaded.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party).  "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled."  Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).  This review ensures that pro se pleadings are given fair and meaningful consideration.

To determine if a pro se complaint should be dismissed for failing to state a claim on which relief could be granted, the Court must consider whether the complaint, construed liberally, see Erickson, 551 U.S. at 94, "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009) (citation omitted).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Inferences reasonably drawn from the plaintiff's factual allegations must be accepted as true, but the Court is not bound to credit legal conclusions, labels, or naked assertions, "devoid of 'further factual enhancement.'" Id. (citation omitted).  Determining if a complaint states a viable claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

## BACKGROUND

In July 2009, Levesque filed a complaint in this court alleging facts relating to, among other things, an assault that he suffered while in custody in New York.  See Levesque v. New York, No. 09-cv-246-SM (D.N.H.).  In that case, Levesque asked this court to issue an order to protect him.  No such order was issued.  On October 14, 2009, Magistrate Judge Muirhead recommended that the complaint in case no. 09-cv-246-SM be dismissed.  Chief Judge McAuliffe, the district judge assigned to the case, approved the Magistrate Judge's Report and

Recommendation and dismissed the complaint.  See id. (Nov. 3, 2009) (Order dismissing complaint (Doc. No. 5)).

In response, Levesque filed this action, naming the United States of America as the defendant.  The allegations in the complaint are disordered and difficult to decipher.  Liberally construed, the complaint (Doc. No. 1) asserts one unique claim as to the only named defendant:  the United States is liable for failing to protect Levesque, in that this court (McAuliffe, C.J.) dismissed an earlier case filed by Levesque and did not issue an injunction to protect him as requested in Levesque v. New York, No. 09-cv-246-SM (D.N.H.).[1]

---

[1] Levesque has filed more than twenty cases in this court. The Magistrate Judge has recommended dismissal of certain claims pending in fourteen cases filed by Levesque.  See, e.g., Levesque v. New Hampshire, No. 09-CV-437-JL (D.N.H. May 12, 2010) (Report and Recommendation (Doc. No. 21).  In the case at bar, as in many of Levesque's other cases, plaintiff has asked the court to take the other cases into consideration in reviewing this case.  See Motion to Take into Consideration Listed Cases (Doc. No. 14).  I construe the Complaint here (Doc. No. 1) to include only one claim against the United States and consider the remaining allegations involving other parties, set forth in the Complaint and in other filings, to be surplusage, repetitive of allegations and claims asserted in Levesque's other cases.  Those claims have been or will be addressed by the court in those other cases.  If Levesque disagrees with the identification of his claims in this case, he must move for reconsideration, and move to amend the complaint here.

**DISCUSSION**

**I.   Class Action Certification**

Parties to a lawsuit cannot be represented by anyone other than themselves or a member of the bar.  See 28 U.S.C. § 1654; see also Local Rules of the United States District Court for the District of New Hampshire ("LR") 83.2(d) & 83.6(b) ("Pro se parties must appear personally . . . .  A pro se party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf.").  Pro se litigants "may not possess the knowledge and experience" needed to fairly and adequately protect the interests of the class, as required by Fed. R. Civ. P. 23(a)(4).  See Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying pro se plaintiff's motion for class certification).  Levesque would not be able to fulfill the requirements of the rule.  Accordingly, Levesque's motion for class action certification (Doc. No. 11) is denied.

**II.  Waiver of Remainder of Filing Fees**

Levesque is currently detained at the New Hampshire State Prison Secure Psychiatric Unit ("SPU"), pending resolution of State misdemeanor charges.  Levesque was previously detained at the Merrimack County House of Corrections ("MCHC").  Detainees

and other prisoners are generally required to pay the full amount of the filing fee, even if they have been granted in forma pauperis status.  See 28 U.S.C. § 1915(b).  The statute specifies that payment of the remaining fee may be made in installments.  Id.

In an Order dated January 22, 2010, the court assessed an initial partial filing fee on Levesque in accordance with section 1915(b).  See Order (Doc. No. 13) (requiring payment of initial filing fee and setting payment schedule for remainder of fee in accordance with 28 U.S.C. § 1915(b)(2)).  Levesque paid the initial fee on March 1, 2010, from his MCHC inmate account while he was incarcerated at MCHC.  Levesque was transferred to SPU in March 2010, and no further filing fee payments have been made since March 1, 2010.  Levesque has described difficulties he has had at SPU in requesting that his prisoner account be debited to pay the fee.  Specifically, Levesque has asserted that he has filled out the forms and provided them to a social worker who told him that she would take care of processing the forms, and he has also sent the forms to the New Hampshire State Prison Warden's office.  As it appears that payment according to the Court's January 22, 2010 in forma pauperis Order (Doc. No. 13)

will be forthcoming from Levesque's SPU inmate account, the motion to waive or suspend payment of the remainder of the filing fee (Doc. No. 20) is denied.

### III. Section 1915A Review of Complaint

Pursuant to 28 U.S.C. § 1915A(a), this court reviews all complaints filed by prisoners, including pretrial detainees, seeking redress from governmental entities or officers.  As a consequence of this screening, the court will dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Similarly, 28 U.S.C. § 1915(e)(2)(B), requires the court to dismiss a complaint filed in forma pauperis, at any time, even if part of the filing fee has been paid, "if the court determines that . . . the action or appeal[:]  (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  Id.  As explained more fully below, the complaint must be dismissed in this case as it includes claims against defendants deemed immune from the requested relief.

### A.   **United States**

Only an act of Congress can waive the United States' immunity from suit.  See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999).  Waivers of sovereign immunity are not implied and are strictly construed in favor of the sovereign.  See Lane v. Pena, 518 U.S. 187, 192 (1996).

Levesque's complaint includes a demand for damages against the United States.  The precise nature of the claim is unclear, but Levesque appears to contend that the federal government had a duty to protect him, upon his filing a lawsuit in federal court requesting an injunction.

Whether arising under the Constitution or sounding in tort, however, Levesque's claim is barred by sovereign immunity or is otherwise beyond this court's jurisdiction.  See McNeil v. United States, 508 U.S. 106, 113 (1993) (Federal Tort Claims Act "bars claimants from bringing suit in federal court until they have exhausted their administrative remedies" under 28 U.S.C. § 2675); Tapia-Tapia v. Potter, 322 F.3d 742, 745 (1st Cir. 2003) (Bivens claim against United States for money damages is barred by sovereign immunity).  Accordingly, Levesque's claims against the United States are barred by sovereign immunity, and the United

States is hereby dismissed as a defendant from this action.

## **CONCLUSION**

The motion for class action certification (Doc. No. 11) and motion to waive the unpaid portion of the filing fee (Doc. No. 20) are denied.  As no claim remains pending in this action against any defendant, the Complaint (Doc. No. 1) is dismissed. All other motions pending in this action (Doc. Nos. 3, 4, 8, 10, 14, and 15) are denied as moot.

SO ORDERED.

/s/Paul Barbdoro
Paul Barbadoro
United States District Judge

May 18, 2010

cc:   Andre R. Levesque, pro se